NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BROADCAST MUSIC, INC.; CORAL REEFER MUSIC; PAUL SIMON MUSIC; ABKCO MUSIC, INC.; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; BIG YELLOW DOG, LLC d/b/a BIG YELLOW DOG MUSIC; TOKECO TUNES,<br><br>       Plaintiffs,<br>  v.<br><br>PUBLICK HOUSE PARTNERS, LLC d/b/a PUBLICK HOUSE TAVERN & INN; JOSEPH LUBRANO and BART LUBRANO, each individually,<br><br>       Defendants. | **OPINION**<br><br>Civ. No. 13-03326 (WHW) (CLW) |

**Walls, Senior District Judge**

In this copyright infringement case, Plaintiffs move for default judgment. Defendants have filed no opposition. Without oral argument under Federal Rule of Civil Procedure 78(b), Plaintiffs' motion is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action on May 28, 2013, alleging that Defendants publicly performed copyrighted musical compositions without authorization. Compl. ¶ 19, ECF No. 1. Plaintiff BMI licenses performance rights for copyrighted music. *Id.* ¶ 3. The other plaintiffs own the copyrights which BMI licenses. *Id.* ¶¶ 3-4. The Publick House Tavern & Inn is an establishment in Chester, New Jersey where music is publicly performed. *Id.* ¶ 12. Defendant Publick House Partners, LLC controls and has a financial interest in the Publick House Tavern & Inn. *Id.* ¶ 11.

1

**NOT FOR PUBLICATION**

Defendant Joseph Lubrano is a member of Publick House Partners, LLC and has responsibility for managing the LLC and the Publick House Tavern & Inn. *Id.* ¶ 14.[1]

Plaintiffs assert four claims of copyright infringement arising from Defendants' unauthorized public performance of four songs whose copyrights are licensed by BMI and owned by the other plaintiffs. *Id.* ¶ 19. The infringements allegedly occurred on March 2, 2012 when Jimmy Buffett's "Margaritaville," Paul Simon's "Me and Julio Down by the Schoolyard," Mick Jagger's and Keith Richards's "Wild Horses," and Scott Emerick's and Toby Keith's "I Love This Bar" were publicly performed at the Publick House Tavern & Inn. *Id.* at 7-8.

After receiving notice from the parties, and before Defendants filed an answer or other motion, the Court dismissed this case as settled in March 2014. Order of Dismissal, ECF No. 16. The Court's dismissal was without prejudice to the parties' right, upon good cause shown within sixty days, to reopen the action if the settlement was not accomplished. *Id.* The sixty day period established in the Court's order was extended several times upon request. *See* Orders, ECF Nos. 20, 23, 25. On December 12, 2014, Plaintiffs advised the Court that the parties had not finalized the anticipated settlement and requested that the Court reopen the case. Letter of J. Brugh Lower, ECF No. 26. The Court ordered the case reopened. Order, ECF No. 27. The Court's order provided Defendants twenty-one days to file an answer to Plaintiffs' complaint. *Id.* After Defendants failed to file an answer, Plaintiffs requested an entry of default on February 19, 2015. Request for Entry of Default, ECF No. 31. The Clerk entered default on February 20, 2015.

BMI now moves, on behalf of itself and the other plaintiffs, for default judgment. Pls.' Br., ECF No. 33-1. BMI seeks an injunction against Defendants' further infringement of Plaintiffs'

---

[1] Plaintiffs have dismissed their claims against Defendant Bart Lubrano. Notice of Voluntary Dismissal, ECF No. 32.

copyrighted musical compositions, an award of $28,000 in statutory damages, attorneys' fees and costs, and interest. *Id.* at 9.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides for default judgment against a defendant who has not appeared. Fed. R. Civ. P. 55(b)(2). The "entry of a default judgment is left primarily to the discretion of the district court," but this "discretion is not without limits" and cases should be "disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). In exercising its discretion, a court must consider: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

"Where a court enters a default judgment, 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir. 2005) (quoting *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The court must make "an independent inquiry into 'whether the unchallenged facts constitute a legitimate cause of action'" and "must make an independent determination" on questions of law. *Days Inn Worldwide, Inc. v. Mayu & Roshan, LLC*, No. 06-1581, 2007 WL 1674485, at *4 (D.N.J. June 8, 2007). Courts do not accept as true allegations about the amount of damages, and may take steps to discover the appropriate amount. A court may conduct a hearing on damages, Fed. R. Civ. P. 55(b)(2), or can determine damages without a hearing "as long as it ensure[s] that there [is] a basis for the damages specified in the default judgment. *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997).

**NOT FOR PUBLICATION**

## DISCUSSION

**1. Default Judgment Is Appropriate**

Applying the three *Chamberlain* factors discussed earlier, 210 F.3d at 164, shows that default judgment is appropriate here. First, Plaintiffs will be prejudiced if Defendants' failure to appear prevents Plaintiffs from protecting their copyrights. Second, because Defendants have not answered the complaint, there is no indication that they have any litigable defense to its allegations. Third, Defendants have failed to appear in this case despite being properly served and engaging in settlement discussions with Plaintiffs. Defendants' manifest awareness of this proceeding makes their failure to appear culpable. In light of these factors, default judgment is warranted.

**2. Plaintiffs' Complaint Adequately States a Claim for Copyright Infringement**

Taken as true, the allegations in Plaintiffs' complaint are sufficient to make out a claim of copyright infringement.

To establish copyright infringement, a plaintiff must demonstrate: "(1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). "Copying refers to the act of infringing any of the exclusive rights that accrue to the owner of a valid copyright, as set forth at 17 U.S.C. § 106, including the rights to distribute and reproduce copyrighted material." *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (internal quotations omitted). Plaintiffs' complaint alleges that they own valid copyrights to the infringed musical compositions, Compl. ¶¶ 5-10, that unauthorized public performances of the compositions occurred at the Publick House Tavern & Inn, *id.* ¶¶ 20-24, and that Defendants control and operate the Publick House Tavern & Inn. *Id.* ¶¶ 11, 14. These allegations are sufficient to state a copyright infringement claim against Defendants.

### 3. Plaintiffs Are Entitled to Statutory Damages

Plaintiffs seek statutory damages of $7,000 for each of the four acts of copyright infringement described in the complaint, for a total award of $28,000. Pls.' Br. 8.

Section 504 of the Copyright Act provides that a plaintiff who establishes copyright infringement may elect to receive statutory damages for each infringement "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). In the case of a defendant's willful infringement, the court may increase the damages to "not more than $150,000." *Id.* § 504(c)(2). District courts have wide discretion in determining the amount of statutory damages to be awarded. *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952).

In cases involving unauthorized public performances of copyrighted music, courts in the Third Circuit commonly award statutory damages in amounts ranging from two to five times the amount that the defendant would have paid the plaintiff in license fees. *Broad. Music, Inc. v. Amici III, Inc.*, Civ. No. 14-5002, 2014 WL 7271915, at *1 (D.N.J. Dec. 16, 2014) (awarding $24,000 for four acts of copyright infringement, approximately three times unpaid license fees); *Broad. Music, Inc. v. Shane's Flight Deck, Ltd.*, Civ. No. 09-2151, 2010 WL 4916208, at *1 n.2 (M.D. Pa. Nov. 24, 2010) (awarding $20,000 for four acts of copyright infringement, approximately three times unpaid license fees); *Broad. Music, Inc. v. It's Amore Corp.*, No. 3:08CV570, 2009 WL 1886038, at *8 (M.D. Pa. June 30, 2009) (awarding $34,500 for twenty-three acts of copyright infringement, approximately three and a half times unpaid license fees); *Broad. Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 169 (D.N.J. 1995) (listing cases and awarding $3,500 for seven acts of copyright infringement, approximately five times unpaid license fees).

**NOT FOR PUBLICATION**

Plaintiffs assert that Defendants could have licensed the right to publicly perform their copyrighted music by paying annual license fees. Decl. or Brian Mullaney ¶ 17, ECF No. 33-3. BMI represents that these license fees would have totaled approximately $9,383 for the period running from September 2010, when BMI first contacted Defendants about licensing, to August 2015. *Id.* Given this amount, Plaintiffs' request for $28,000 in damages represents roughly three times the unpaid license fees. This damages amount accords with common practice in this Circuit. An award of this magnitude is further supported by evidence that Defendants' copyright infringements were committed in willful disregard of BMI's persistent communications and warnings to Defendants, including dozens of letters and seventy phone calls. *Id.* ¶¶ 5-9. The Court finds that a statutory damages award of $28,000 is appropriate.

**4. Plaintiffs Are Not Entitled to a Permanent Injunction**

Plaintiffs seek a "permanent injunction enjoining and restraining Defendants, their agents, servants, employees, and all persons acting under their permission and authority from infringing, in any manner, the copyrighted musical compositions licensed by BMI." Pls.' Br. 5.

Section 502(a) of the Copyright Act provides that a court may grant "temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff seeking a permanent injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay, Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

**NOT FOR PUBLICATION**

Plaintiffs must first establish that they have suffered irreparable injury. Plaintiffs do not offer evidence that Defendants' acts of copyright infringement caused them irreparable injury. Instead, Plaintiffs assert that because "Defendants infringed Plaintiffs' copyrights," they "are entitled to a permanent injunction to prevent the continued infringement of their copyrighted works." Pls.' Br. 5.

In *eBay*, a case involving the propriety of a permanent injunction after a finding of patent infringement, the Supreme Court noted during its analysis that a permanent injunction does not automatically follow from an act of copyright infringement. *Id.* at 392-93 ("this Court has consistently rejected invitations to replace traditional equitable considerations with a rule that an injunction automatically follows a determination that a copyright has been infringed."). Rather, the "Supreme Court held that 'broad classifications' and 'categorical rule[s]' about when injunctions should issue are inconsistent with exercising 'equitable discretion' pursuant to traditional equitable principles." *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 203-04 (3d Cir. 2014) (quoting *eBay*, 547 U.S. at 393-94)). The Supreme Court rejected the application of a categorical rule that permanent injunctions are warranted once a plaintiff establishes patent infringement. *eBay*, 547 U.S. at 393-94.

The Third Circuit Court of Appeals has not specifically considered the impact of *eBay* on the requirement that plaintiffs establish irreparable injury to obtain injunctive relief in copyright infringement cases. The Second and Ninth Circuits have addressed the issue, however, and found that *eBay* prohibits any presumption of irreparable harm from copyright infringement. *Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) ("After *eBay*, however, courts must not simply presume irreparable harm."); *Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 998-99 (9th Cir. 2011) ("We conclude that presuming irreparable harm in a copyright infringement case is

7

inconsistent with, and disapproved by, the Supreme Court's opinions in *eBay* and *Winter*.").[2] In considering the validity of a presumption of irreparable injury in trademark infringement cases, the Third Circuit recently reviewed *eBay* and its progeny and stated that, "like the Court of Appeals for the Second Circuit, we believe the logic of *eBay* is not limited to patent cases but rather is widely applicable to various different types of cases." *Ferring Pharm., Inc. v. Watson Pharm., Inc.*, 765 F.3d 205, 215 (3d Cir. 2014) (citing *Salinger*, 607 F.3d at 76-78). The Third Circuit then applied *eBay* to find that "that there is no presumption of irreparable harm afforded to parties seeking injunctive relief in Lanham Act [trademark] cases." *Id.* The Third Circuit's discussion in *Ferring*, and its rejection of a presumption of irreparable harm in trademark infringement cases, convince this Court that no presumption of irreparable harm should be afforded to plaintiffs seeking injunctive relief in copyright infringement cases. Such a presumption would be "inconsistent with exercising discretion according to traditional equitable principles." *Groupe SEB USA*, 774 F.3d at 204; *Grant Heilman Photography, Inc. v. John Wiley & Sons, Inc.*, 864 F. Supp. 2d 316, 326-27 (E.D. Pa. 2012) (rejecting presumption of irreparable harm in copyright infringement case in light of *eBay* and *Salinger*).

Here, Plaintiffs have offered no evidence that they suffered irreparable injury from the Publick House Tavern & Inn's public performance of their copyrighted music. Since the Court will not presume irreparable injury solely on the basis of Defendants' acts of copyright infringement, Plaintiffs have not established the irreparable injury required for a permanent injunction. Plaintiffs' request for a permanent injunction is denied.

---

[2] The Supreme Court's opinion in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), concerns preliminary injunctions.

### 5. Attorneys' Fees, Costs, and Interest

Finally, Plaintiffs request an award of attorneys' fees and costs. 17 U.S.C. § 505 provides that "the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. District courts have discretion regarding awards of attorneys' fees under Section 505. *Lieb v. Topstone Indus., Inc.*, 788 F.2d 151, 156 (3d Cir. 1986). While bad faith is not required for an award of attorneys' fees, district courts consider factors including "frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* Federal Rule of Civil Procedure 54(d)(1) also provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Defendants' failure to appear and respond in this case, despite engaging in out-of-court settlement negotiations with Plaintiffs, was objectively unreasonable. By ignoring and delaying this proceeding, Defendants imposed additional legal expense on Plaintiffs. The Court finds that an award of the reasonable attorneys' fees and costs Plaintiffs incurred in the preparation of this motion is appropriate. Plaintiffs are also entitled to interest under 28 U.S.C. § 1961.

### CONCLUSION

Plaintiffs' motion for default judgment is granted. An appropriate order follows.

Date: May 26, 2015

                                            **/s/ William H. Walls**
                                            United States Senior District Judge